# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

JEREMY C. HENLEY                                                                                                       PLAINTIFF

v.                                                      CIVIL ACTION NO. 5:14CV-P93-R

HICKMAN COUNTY DETENTION CENTER *et al.*                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

      Plaintiff Jeremy C. Henley, a *pro se* inmate currently incarcerated at the Fulton County Detention Center, initiated this action by filing a document titled "Civil Rights Pre-Action Complaint by Pro se inmate under 42 U.S.C. § 1983 and Rules 27(a), 34(a) and 35(a) Federal Rules in Civil Procedure, 28 U.S.C." In his "Pre-Action Complaint," Plaintiff "prays for pre-action discovery to provide dates times, names and the likes" in order to file a § 1983 action. The Court, therefore, construes this "Pre-Action Complaint" as a petition for production of evidence in anticipation of filing a § 1983 action under Rule 27(a) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court will deny the request for pre-action production.

## I.

      At the time Plaintiff filed the instant petition, he was incarcerated at the Hickman County Detention Center (HCDC). He names the following officers and entities as Defendants: the HCDC; its jailer, Michael Chad Frizzell; "All unknown named persons, agents and employees" of HCDC; Hickman County; Chief Executive Officer Acting County Judge Greg Pruitt; Hickman County Fiscal Court; and the "Justice and Public Safety Cabinet – D.O.C." in care of several DOC officers and employees.

In the petition, Plaintiff lists sixty-four conditions-of-confinement claims occurring during his incarceration at HCDC. He contends that he "is needing pre-action complaint to accurately frame" those claims and that he "desires to establish by the discoverable evidence and proposed testimony . . . [to] locate all names descriptions, witnesses, addresses, subject matter, dates, times, accurate facts." He further contends:

> in order to state the facts properly and in chronological order, with accurate time frames and properly state the claims against the defendents upon which relief can be granted and with sufficient/normal information and show that defendants acted in bad faith with an objectively reasonable belief that their actions/conduct were not lawful even though done with malice under the color of state and municipal principle, and to show that incidents are not isolated as one timely events, that they are recurring and profitably inurring unto Michael Chad Frizzell himself, unto this petitioner states it is important to preserve discoverable evidence and perpetuate these evidences as the defendants possess before the data is lost, destroyed, [illegible], divided, manipulated or destroyed or the possible witnesses have been removed or disappeared will their testimony is still to be had.

Plaintiff reports that on April 15, 2014, he submitted "an application to inspect public records upon Hickman County Facility . . . to determine identity, interest, precise facts of individuals and their capacities, contracts and grievances by virtue of discovering which cause of action is based and in order to frame proper pleadings," but that Jailer Frizzell denied him personal inspection of all of the requested information. Plaintiff further reports that on April 29, 2014, he submitted fifty-seven Open Records Requests to Jailer Frizzell "for various information and facts to maintain factual [illegible] in his § 1983 civil action complaint and to inspect personally grievances and circumstances," but Jailer Frizzell denied every request.

Seemingly because Jailer Frizzell denied Plaintiff's requests for this information, Plaintiff filed this petition in May 2014 seeking production of evidence to file his § 1983 complaint.

## II.

Rule 27(a) provides for the perpetuation of known testimony before bringing an action. The Rule provides, in pertinent part, as follows:

> **(1) Petition.** A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:
>
> **(A)** that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> **(B)** the subject matter of the expected action and the petitioner's interest;
>
> **(C)** the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> **(D)** the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
> **(E)** the name, address, and expected substance of the testimony of each deponent.
>
> . . . .
>
> **(3) Order and Examination.** If satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories. The depositions may then be taken under these rules, and the court may issue orders like those authorized by Rules 34 and 35. A reference in these rules to the court where an action is pending means, for purposes of this rule, the court where the petition for the deposition was filed.

Fed. R. Civ. P. 27(a)(1), (3).

In the instant case, Plaintiff does not meet the first requirement under Rule 27(a)(1)(A) for filing a petition because he does not provide an explanation as to why he cannot presently bring his § 1983 action. While he does state that he submitted an application to inspect public

records to Jailer Frizzell "to determine identity, interest, precise facts of individuals and their capacities, contracts and grievances by virtue of discovering which cause of action is based and in order to frame proper pleadings," Rule 27 "'may not be used as a substitute for discovery to determine if a cause of action exists.'" *In re Somerville*, CIV.A. 08-CV-206-JBC, 2008 WL 2559243, at *3 (E.D. Ky. June 20, 2008), as amended (July 16, 2008) (quoting *Application of Checkosky*, 142 F.R.D. 4, 7 (D.D.C. 1992)). Further, it is unclear whether the named Defendants in the instant petition are intended to be adverse parties under Rule 27(a)(1)(D) and/or deponents under Rule 27(a)(1)(E). Even if Defendants are the intended deponents, Plaintiff fails to provide the expected substance of the testimony of each deponent as required by Rule 27(a)(1)(E).

Moreover, "[t]he scope of discovery allowed under Rule 27 is much narrower than that available under the general discovery provisions of Rule 26." *Ash v. Cort*, 512 F.2d 909, 911 (3d Cir. 1975). Indeed, "Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost." *Id.*; *Kendrick v. Irwin*, 77 F. App'x 770, 771 (6th Cir. 2003) ("The party making the motion must show that there is a danger that the testimony will be lost by delay.") (citing *Arizona v. California,* 292 U.S. 341, 347-48 (1934)); *In re Somerville*, 2008 WL 2559243, at *3 ("Rule 27 applies to situations in which 'for one reason or another, testimony might be lost to a prospective litigant unless taken immediately.'") (quoting *Petition of Ferkauf,* 3 F.R.D. 89, 91 (S.D.N.Y. 1943)). "Most petitions to perpetuate testimony have been granted when a witness is aged or gravely injured and in danger of dying or there are geographical constraints." *In re Somerville*, 2008 WL 2559243, at *4 (citing cases).[1]

---

[1] *Texaco, Inc. v. Borda*, 383 F.2d 607 (3rd Cir. 1967) (permitting deposition of a witness of advanced age in suit that had been stayed pending resolution of parallel criminal prosecution); *Petition of Delta Quarries and Disposal, Inc.*, 139 F.R.D. 68 (M.D. Pa. 1991) (deponent's condition was serious and only deponent had knowledge of activities at landfill before 1978 when physical records began to be

It is true that in the petition Plaintiff seeks "to preserve discoverable evidence and perpetuate these evidences as the defendants possess before the data is lost, destroyed, [illegible], divided, manipulated or destroyed or the possible witnesses have been removed or disappeared will their testimony is still to be had." His allegation that "possible [unidentified] witnesses" may be "removed or disappear[]" is sheer speculation and constitutes no special circumstance entitling him to relief. *See Kendrick v. Irwin*, 77 F. App'x at 771 ("Mere allegations that witnesses might die or memories might fade are not sufficient to justify the granting of the motion.") (citing *Ash v. Cort*, 512 F.2d at 913); *Application of Checkosky*, 142 F.R.D. at 7 ("Moreover, since Rule 27(a)(3) requires the district court to find that 'the perpetuation of the testimony may prevent a failure or delay of justice,' most courts have held that a petitioner must make a particularized showing that the testimony needs to be taken in advance of the contemplated action.").

Plaintiff fails to demonstrate how the requested non-specific evidence would prevent him from filing his § 1983 complaint regarding various conditions of confinement during his incarceration at the HCDC. Accordingly,

**IT IS ORDERED** that Plaintiff's petition for production of evidence under Rule 27(a) (DN 1) is **DENIED**. Consequently, the Court will dismiss this action by separate Order.

The Court advises the unrepresented Plaintiff that should he file a § 1983 action, he must support his claims with facts (including how each Defendant violated his rights) and indicate how he (Plaintiff) was affected by the alleged wrongful conduct. Merely listing the sixty-four claims (most of which Plaintiff does not indicate he was harmed by), like Plaintiff has in the

---

kept); *In re Sims,* 389 F.2d 148, 150 (5th Cir. 1967) (potential deponent was imminently departing for Peru).

current request for pre-action evidence, would be insufficient to state a claim. Grievances, contracts, specific dates, and the like can be sought during the discovery portion of litigation, should a prisoner-plaintiff's complaint survive initial review under 28 U.S.C. § 1915A.

Should Plaintiff want to file a § 1983 action, the **Clerk of Court is DIRECTED to send Plaintiff a § 1983 packet and a *Pro Se* Prisoner Handbook**.

Date:


cc: Plaintiff, *pro se*
       Hickman County Attorney
       General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005